UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES for the benefit of CONCRETE FORMWORK & ACCESSORIES, INC. d/b/a CONSTRUCTION SPECIALTIES, | § § § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No: SA-07-CA-0341-XR |
| THE ROSS GROUP CONSTRUCTION CORP. and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, | § § § § § | |
| Defendants. | § | |

**ORDER**

On this date, the Court considered Defendants' Motion to Transfer Venue (Docket No. 4), Plaintiff's Response to Motion to Transfer Venue (Docket No. 6), and Defendants' Reply to Plaintiff's Response to Motion to Transfer Venue (Docket No. 7). The Defendants' Motion to Transfer Venue (Docket No. 4) is GRANTED.

**FACTUAL & PROCEDURAL BACKGROUND**

Concrete Formwork & Accessories, Inc. d/b/a Construction Specialties ("Plaintiff") is a Texas Corporation with its principal place of business in San Antonio, Texas. The Ross Group Construction Corp. and Fidelity and Deposit Company of Maryland (collectively "Defendants") are foreign corporations. Defendant Ross has its principal place of business in Tulsa, Oklahoma. Defendant Fidelity is organized under the laws of the State of Maryland and is authorized to do business in the State of Texas.

Plaintiff and Defendant Ross entered into a written subcontract agreement ("Subcontract Agreement") dated January 23, 2006, whereby Plaintiff agreed to provide, as a subcontractor to Defendant Ross, certain labor and materials on a federal public works project located at Lackland Air Force Base in San Antonio, Texas. The Subcontract Agreement contained the terms and conditions for the construction of improvements to the project described as C-5 Aircraft Generation Function (AGF) Facility and C-5 Training Load Assembly (TLA) Facility (the "Project"). Defendant Ross was the prime contractor for the Project.

The parties agree that Plaintiff furnished to Defendant Ross labor, materials, and other items in the regular course of business for the improvement of the Project. Thereafter, Defendant Ross obtained and delivered to the United States, Payment Bond No. PRF 8770514, issued by Defendant Fidelity. However, on April 14, 2006, Defendant Ross terminated the Subcontract Agreement. Since the termination of the Subcontract Agreement, Plaintiff has not received any payments from Defendant Ross.

Plaintiff's Original Complaint (Docket No. 1) was filed April 13, 2007 in the United States District Court for the Western District of Texas under the Miller Act, 40 U.S.C. § 3131, *et seq*. Defendants assert the Subcontract Agreement entered into between the parties is governed by a valid forum selection clause. Specifically, Defendants point to Article XX of the Subcontract Agreement which states:

> This Subcontract shall be governed by and interpreted in accordance with the laws of the State of Oklahoma and Subcontractor further agrees that the venue of any action hereunder shall lie exclusively in either the District Court for Tulsa County, State of Oklahoma or in the United States District Court for Northern District of Oklahoma, as may be the case.

Defendants assert this forum selection clause requires the case to be transferred to the United States District Court for the Northern District of Oklahoma. Defendants cite various cases which state the Miller Act's venue provision, 40 U.S.C. § 3133(b)(3), is merely a venue requirement and not jurisdictional, thus allowing parties to a contract to predetermine the venue for any conflict with a forum selection clause, such as the one at hand. Defendants also assert the United States District Court for the Northern District of Oklahoma is the proper venue under 28 U.S.C. § 1404(a).

Plaintiff asserts the forum selection clause under the subcontract is too indefinite and vague to allow for transfer of venue. Furthermore, Plaintiff argues § 35.52 of the Texas Business and Commerce Code allows Plaintiff to void the forum selection clause by filing suit in this Court. Lastly, Plaintiff argues the convenience factors under 28 U.S.C. § 1404(a) do not weigh in favor of transferring venue.

## ANALYSIS

**A.     Whether Parties May Contract Around Miller Act Venue Provision**

40 U.S.C. § 3133(b)(3) defines the general venue provision of the Miller Act. It states, "A civil action brought under this subsection must be brought in the name of the United States for the use of the person bringing the action, and in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." 40 U.S.C. § 3133(b)(3). An initial reading of this section would seem to require a controversy to be brought in the United States District Court in which the contract was to be performed and executed because of the use of the term "must." However, there is clear caselaw that establishes the ability of parties to contract around this provision and establish the forum in which they wish to have their controversy heard.

The Fifth Circuit Court of Appeals has stated the Miller Act venue provision exists for the convenience of the parties and that such a provision is subject to variation by their agreement.[1] The court noted this subsection was not jurisdictional, but merely a venue provision that could be varied by contract.[2] The Fifth Circuit concluded that because there was a valid forum selection clause the trial court's order to transfer venue to New Jersey from Louisiana was appropriate.[3]

Plaintiff argues more recent decisions interpreting forum selection clauses under the Miller Act have been less inclined to transfer venue. Plaintiff points primarily to a Tenth Circuit Court of Appeals case invalidating a forum selection clause under the Miller Act.[4] In *St. Paul*, the forum selection clause stated that any claims arising under the contract would be governed by Texas state law and exclusive venue would be proper in Bexar County, Texas.[5] Both parties to that case agreed the forum selection clause *designated a state court forum only*.[6]

In addition to the Tenth Circuit case, Plaintiff points to a Louisiana district court case which invalidated a similar forum selection clause in a Miller Act claim that stated any claims arising under the agreement would be governed by the laws of the State of Texas and exclusive venue would be

---

[1] In re Fireman's Fund Ins. Companies, Inc., 588 F.2d 93, 95 (5th Cir. 1979).

[2] *Id*. (citing F.D. Rich Co. v. U.S. for the Use of Indus. Lumber Co., 417 U.S. 116 (1974)(stating that the precursor to § 3133(b)(3), 40 U.S.C. § 270b(b), was merely a venue requirement)).

[3] *Id*.

[4] U.S. for the Use of B & D Mech. Contractors, Inc. v. St. Paul Mercury Ins. Co., 70 F.3d 1115, 1117 (10th Cir. 1995), *cert. denied*, 517 U.S. 1167 (1996).

[5] *Id*.

[6] *Id*.

in Travis County, Texas.[7] The district court found this provision ambiguous because the plaintiff, who was a sole proprietor, could not have determined whether the law of Texas applied or whether the suit should be filed in the federal district court of Travis County, Texas.[8] The provision provided generally the law of the State of Texas should apply in a Travis County court. The provision did not explicitly provide a federal court forum. Because the forum selection clause was held to be ambiguous, the court dismissed the motion to transfer venue.[9]

      Both of these cases are distinguishable from the case at hand because of the wording of the forum selection clause. Article XX of the Subcontract Agreement provides, "venue shall lie exclusively in either the District Court for Tulsa County, State of Oklahoma *or* in the United States District Court for Northern District of Oklahoma, as may be the case."[10] Unlike the Tenth Circuit case and the district court case from Louisiana, the forum selection clause agreed to by the parties clearly allows the case to be brought in a United States District Court. This is important because the Miller Act grants federal courts exclusive jurisdiction.[11] The holdings of the two cases cited by Plaintiff are distinguishable because the forum selection clauses in those cases attempted to transfer the causes exclusively to a state forum, or at best were ambiguous as to whether they were attempting

---

[7] U.S. on Behalf of Cal's A/C and Elec. v. Famous Constr. Corp., 982 F.Supp. 1219 (W.D.La. 1997).

[8] *Id*.

[9] *Id*.

[10] (emphasis added).

[11] U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co., 826 F.2d 643, 645 (7th Cir. 1987), *cert. denied*, 484 U.S. 1026 (1988)(citing U.S. Fidelity & Guaranty Co. v. Hendry Corp., 391 F.2d 13, 18 (5th Cir. 1968), *cert. denied*, 393 U.S. 978 (1968)).

to transfer the disputes exclusively to state courts, instead of providing access to a federal court for claims such as the ones brought here. In this case, Article XX of the Subcontract Agreement clearly provided for the Miller Act claim to be brought in the United States District Court for the Northern District of Oklahoma, thereby preserving federal court jurisdiction over the issue.

Further distinguishing this case is that Plaintiff was not an unsophisticated party like the sole proprietor in *Famous Construction*. The court in that case was concerned with the ability of the Plaintiff to understand the provisions of the contract. In this case, Plaintiff and Defendants bargained over the provisions in the Subcontract Agreement, evidencing that Plaintiff both understood and could have altered the contractual provisions of the Subcontract Agreement.[12]

For the reasons stated above, Article XX of the Subcontract Agreement is a permissible and sufficiently definite forum selection clause.

**B.    Whether State Law May Defeat Motion To Transfer Venue Under Federal Law**

Plaintiff next argues the forum selection clause is not valid because it elected to void Article XX of the Subcontract Agreement under Texas Business and Commerce Code § 35.52 by filing suit in this Court. Defendants counter that the Miller Act raises a federal question, and therefore, federal law applies to both substance and procedure. Furthermore, Defendants maintain the federal court's discretion in considering motions to transfer venue under § 1404(a) cannot be constrained by conflicting state law.

§ 35.52 of the Texas Business and Commerce Code states in relevant part:

---

[12] In fact, in the very next paragraph of the Subcontract Agreement after the forum selection clause, the parties modified their agreement by removing a provision involving improper termination of the Subcontract. This clearly demonstrates Plaintiff understood and bargained for the provisions of the contract. If the Plaintiff was able to bargain over this provision, it follows that Plaintiff could have bargained over the forum selection clause as well.

> If a contract is principally for the construction or repair of improvements to real property located in this state and the contract contains a provision that makes the contract or any conflict arising under it subject to the law of another state [or] to litigation in the courts of another state . . . that provision is voidable by the party that is obligated by the contract to perform the construction or repair.

Plaintiff argues it falls under this particular provision because the Subcontract Agreement required it to provide labor and material in connection with a project located in San Antonio, Texas. Furthermore, the Project involved construction of improvements to real property. Plaintiff provides no support for its position that a state statute, such as this, trumps the Miller Act, or any other federal law, when deciding a motion to transfer venue. Instead, Plaintiff merely states this provision supersedes federal law, thereby invalidating the Subcontract Agreement provision, and concludes the Court cannot transfer this case to any other district or division because there is no such district or division where this action could have been brought.

Federal district courts have jurisdiction over Miller Act claims because they present a federal question.[13] It is not to be doubted that where the jurisdiction of the federal court is based on the existence of a federal question, federal law applies as to both substance and procedure.[14] Federal law, specifically 28 U.S.C. § 1404(a), governs the district court's decision whether to give effect to the parties' forum selection clause.[15]

While Plaintiff provided no citation support for its position, the authorities cited by

---

[13] U.S. for the Use and Benefit of Skip Kirchdorfer, Inc. v. M.J. Kelley Corp., 995 F.2d 656, 659 (6th Cir. 1993).

[14] Aerosonic Corp. v. Trodyne Corp., 402 F.2d 223, 229 (5th Cir. 1968).

[15] Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 32 (1988)(finding that § 1404(a) governed the district court's decision rather than Alabama law which looked unfavorably upon contractual forum selection clauses).

Defendants support the proposition that federal law, both procedural and substantive, should govern the federal question, and state law should not supersede. Therefore, Plaintiff's argument that § 35.52 of the Texas Business and Commerce Code voids the forum selection clause is without merit.

## C.   Application of 28 U.S.C. § 1404(a) Convenience Factors

Section 1404(a) is intended to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and fairness.[16] Furthermore, under § 1404(a), the court must also consider whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.[17]

The determination of "convenience" turns on a number of private and public interest factors, none of which are given dispositive weight.[18] The private concerns include: "the relative ease of access to sources of proof; the availability of compulsory process to secure the attendance of witnesses; the cost of attendance for willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive."[19] The public concerns include: "the administrative difficulties flowing from court congestion; the local interest in having localized interests decided at home; the familiarity of the forum with the law that will govern the case; and the avoidance of unnecessary problems of conflict of laws of the application of foreign law."[20] The presence of the forum-selection clause, while not dispositive, does represent the parties' agreement as to the most

---

[16] *Ricoh*, 487 U.S. at 29.

[17] In re Horseshoe Entm't, 337 F.3d 429, 433 (5th Cir. 2003).

[18] In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004).

[19] *Id.*

[20] *Id*.

proper forum, and should be a significant factor that figures centrally in the district court's calculus.[21]

Plaintiff urges in support of the private concerns associated with the balancing test under § 1404(a) that the relative ease of access to sources of information weighs in favor of keeping the case here in the Western District of Texas because all of Plaintiff's witnesses are located in the San Antonio area, along with the pertinent records. Also, Plaintiff provided an affidavit of Edward Douglass that estimated the costs of round trip airfare, room and meals would be at least $521. In addition to these private factors, Plaintiff asserts the public factors weigh in favor of keeping the case in the Western District of Texas. Plaintiff argues the Defendants have not shown that any court congestion in this district would affect the ability of the parties to have this matter heard.

Defendants similarly assert that all of their key employees to the litigation are located in Tulsa. Furthermore, all of Defendants' documents are located in Tulsa, and like Plaintiff, if litigation were to be in the Western District of Texas, they would have to transport their documents to this venue. Also, although the Defendants do not provide a dollar figure for the cost of sending their witnesses to this district, it is reasonable to assume the costs would be similar to the Plaintiff's costs. The Defendants do not provide any specific details as to the public concerns weighing in their favor besides stating this is a simple contract dispute where there is no indication that one forum is more appropriate or better able to handle the case. Presumably, Defendants are asserting both forums will be equally as familiar with the law that will govern and there will be relatively little administrative difficulties handling this case. In addition, Defendants assert the forum selection clause should be given weight because it was the parties' voluntary and express submission to a choice of venue.

After considering all of the public and private concerns associated with a motion to transfer

---

[21] *Ricoh*, 487 U.S. at 29-31.

venue under § 1404(a), it appears both parties have equally compelling interests in having the case heard in the venue closest to them. Both parties stated they have three witnesses, and both parties would be required to send their documents to the opposing forum at substantial cost. Furthermore, although Plaintiff stated the Defendants have not shown that any court congestion in this district would affect the ability of the parties to have this matter heard, neither has it shown the United States District Court for the Northern District of Oklahoma is congested to the point where it would affect its ability to hear this matter. Viewing the parties' arguments regarding the public and private concerns, it appears they are relatively equal.

However, although no single factor is to be given dispositive weight, a valid forum selection clause is a significant factor that fits centrally into the district court's calculus.[22] Because the scale of convenience and fairness related to this motion to transfer venue is even, the addition of the valid forum selection clause tips the scales in favor of transferring the case to the United States District Court for the Northern District of Oklahoma.

Additionally, the United States District Court for the Northern District of Oklahoma is a venue in which this claim could have been filed. Defendant Ross is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma. Furthermore, Defendant Fidelity was subject to personal jurisdiction in Oklahoma at the time this action was instituted. Because this dispute could have been brought in the United States District Court for the Northern District of Oklahoma under 28 U.S.C. § 1391, transfer to that venue under 28 U.S.C. § 1404(a) is permissible.

Therefore, taking into account all of the private and public concerns associated with a motion to transfer venue under § 1404(a) and the valid, unambiguous forum selection clause entered into

---

[22] *Ricoh*, 487 U.S. at 29.

by the parties, the Court finds that this matter should be transferred.

## CONCLUSION

This case involves a Miller Act dispute. Prior courts have clearly held that parties may contract around the Miller Act's venue provision because it is not jurisdictional.

Additionally, a state law cannot trump the Miller Act venue provision because Miller Act claims are governed by federal procedural and substantive law. Without any authority to support its position, Plaintiff's contention that the Texas Business and Commerce Code is able to void the forum selection clause is without merit.

Lastly, motions to transfer venue are subject to 28 U.S.C. § 1404(a). Under § 1404(a), district courts are given flexibility to determine if transfer of venue is proper considering convenience and fairness to the parties. This determination takes into account various private and public concerns, none of which is given dispositive weight. When a valid forum selection clause exists, however, it is to figure centrally into the district court's calculus.

Taking into account all of the relevant factors in this case, and including the valid forum selection clause, the Court finds, in the interest of convenience and fairness, this case should be transferred to the United States District Court for the Northern District of Oklahoma.

Docket No. 4 is GRANTED.

SIGNED this 23 day of October, 2007.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE